IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| KETWON WESTMORELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 619-088 |
| ) | |
| MARTY ALLEN, Warden/Superintendent ) | |
| and MR. PINEIRO, Deputy Warden of Care ) | |
| and Treatment, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, has submitted to the Court for filing a second amended complaint, brought pursuant to 42 U.S.C. § 1983, regarding events allegedly occurring at Georgia State Prison ("GSP"). Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's second amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I.   BACKGROUND

In the second amended complaint Plaintiff names as Defendants: (1) Marty Allen, Warden and (2) Mr. Pineiro, Deputy Warden of Care and Treatment. (Doc. no. 22, p. 2.) Plaintiff sues both Defendants in their individual and official capacities. (Id.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

From November 2017 to July 2018, Plaintiff experienced cruel, unjust, inhumane, and life-threatening treatment at Georgia State Prison. (Id. at 12.) Plaintiff contracted several severe sicknesses, including food-born illnesses and mental health issues. (Id.) Plaintiff still suffers from "some of" these illnesses that "have yet to be discovered by any type of medical staff." (Id.) Plaintiff moved from D-West Tier's segregation housing for mental health suppression to K-2 in Cell 14 in November 2017. (Id.) His cell in K-2 was unsanitary and cleaned only by Plaintiff. (Id.) On an unspecified date, Plaintiff was transferred to a dorm known as "Animal Planet" in "K-1 cell 6" where inmates threw feces, flooded cells, and committed acts of arson. (Id.) Plaintiff's cell was frequently flooded "for extended periods of time," and there was very little he could do about it. (Id.) Plaintiff properly grieved these incidents, but his grievances were dismissed on the technical basis that he grieved multiple issues. (Id.)

During the period of February 18, 2018 to March 28, 2018, Plaintiff's living conditions were unbearable, his health problems continued to worsen, and he experienced life-threatening dehydration because he had no running water in his cell. (Id.) Plaintiff may have died in these conditions if it weren't for his religious beliefs and fellow dorm orderlies. (Id.) On an unspecified date, Plaintiff was transferred from K-2 to G-building. (Id.) Inmates set fire to the dormitory on May 3, 2018 and May 4, 2018, causing Plaintiff's cell to be filled with black smoke. (Id.) Plaintiff covered his face and found enough air in a pocket of his cell to breathe, and although he nearly lost consciousness Plaintiff never received any medical attention. (Id.)

Warden Allen and Deputy Warden Pineiro are liable for the above stated incidents because they were responsible for Plaintiff's well-being and treated him unfairly due to his filed grievances. (Id.) Warden Allen is also liable to Plaintiff because he dismissed Plaintiff's

2

grievances and complaint forms without a valid basis and fabricated the reasons for doing so. (Id.) Deputy Warden Pineiro is also liable to Plaintiff because he did not investigate Plaintiff's complaints and stated they were untrue. (Id.) For relief, Plaintiff requests monetary damages. (Id.)

## II.    DISCUSSION

### A.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the

defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Fails to State a Claim Against Defendants

Plaintiff's complaint fails to state a claim against Warden Allen and Deputy Warden Pineiro because he is attempting to hold them liable merely in light of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold these Defendants liable, Plaintiff must demonstrate that either (1) they actually participated in the alleged constitutional violation, or (2) there is a causal connection between their actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Plaintiff conclusively alleges Defendants are liable because they are in charge of his well-being and treated him unfairly because of his filed grievances.  (Doc. no. 21, p. 12.)  Plaintiff does not allege either Defendant participated in the above listed incidents or were made aware of his living conditions or medical issues.  Plaintiff also fails to specify how either Defendant allegedly treated him unfairly due to filing grievances.  Thus, Plaintiff fails to state any facts suggesting Defendants actually participated in the alleged constitutional violations.

Moreover, Plaintiff does not show Defendants were directly involved with any constitutional violation simply by alleging they denied his grievances.  Cf. Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed "to afford [plaintiff] relief during the grievance process," because record failed to show personal participation or causal connection); see Pierce v. Georgia, No. 6:17-CV-31, 2017 WL 1363319, at *3 (S.D. Ga. Apr. 11, 2017) (recognizing denial of grievance alone by prison officials does not support finding of constitutional violation under § 1983), *adopted by*, Pierce v. Georgia, No. 6:17-CV-31, 2017 WL 2312941 (S.D. Ga. May 26, 2017); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.

1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in grievances), *cert. denied*, 530 U.S. 1264 (2000).

Therefore, Plaintiff must allege a causal connection between either Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Nothing in his complaint indicates Defendants were responsible for a policy or custom resulting in a violation of Plaintiff's rights, and Plaintiff does not allege any facts to show they either directed subordinates to act unlawfully or knew they would do so and failed to act in an

appropriate manner. Nor do the facts describe obvious, flagrant, rampant, and continuous instances of widespread abuse. Indeed, most of the occurrences alleged by Plaintiff are specific to him, i.e. illnesses of his "not discovered" by medical staff, his unsanitary cell, and no running water in his cell for an extended period of time. There are no allegations tying Defendants to any of these occurrences. Broader in scope is the allegation inmates in K-1 liked to wreak havoc by throwing feces, starting fires, and causing floods. (Doc. no. 22, p. 12.) However, Plaintiff does not allege how often this occurred, how many inmates participated, the period of time such incidents occurred, or any other facts to show rampant, continuous, and widespread abuse. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants.

### C. Motion for Competency Evaluation

Plaintiff also filed a "Motion for Competence Test," requesting the Court evaluate his competence because he has a low IQ and suffers from mental disabilities. (Doc. no. 4.) Under Federal Rule of Civil Procedure 17(b), "[while] a district court determining a party's capacity to sue or be sued must use the law of that party's domicile, the court need not adopt any procedure required by state law but must only satisfy the requirements of due process." Scannavino v. Fla. Dep't of Corr., 242 F.R.D. 662, 664 (M.D. Fla. 2007). "In the context of federal civil litigation, the relevant inquiry for purposes of determining a litigant's competency is whether the litigant is mentally competent to understand the nature and effect of the litigation []he has instituted." Id. Plaintiff is presumed competent and carries the burden to prove incompetency. Id. Despite his claims of a low IQ, Plaintiff's pleadings are legible and coherent, and it is obvious to the Court Plaintiff is mentally competent to understand the nature and effect of the litigation. Therefore, Plaintiff's Motion for Competence Test should be **DENIED**. (Id.)

7

### III. LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should also deny Plaintiff leave to appeal *in forma pauperis* ("IFP"). Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now. See Fed. R. App. R. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)). A party does not proceed in good faith when seeking to advance a frivolous claim or argument. See Coppedge, 369 U.S. at 445. A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

8

## IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's second amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, (doc. no. 22), Plaintiff's Motion for Competence Test be **DENIED**, (doc. no. 4), and this civil action be **CLOSED**.  The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 5th day of March, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA